FILED

FEB 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ANGEL MEZA–FLORES,<br><br>Defendant - Appellant. | No. 12-50319<br><br>D.C. No. 3:12-CR-01942-LAB-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 13, 2013[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, SILVERMAN, Circuit Judge, and RAKOFF,
Senior District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

Angel Meza–Flores contends that the district court procedurally erred by failing to consider the 18 U.S.C. § 3553(a) sentencing factors other than deterrence, by improperly considering the cost of prosecution at sentencing, and by improperly considering what the "community" would regard as an appropriate sentence. The record belies these contentions. The district court adequately considered the section 3553(a) factors, and its passing mention of the cost of prosecution was, in context, an explanation of the specific need for deterrence in this case. Similarly, the district court's reference to the views of the "community" was a permissible illustration of the need to impose a longer sentence than Meza-Flores had received for his recent previous illegal reentry conviction, in view of his illegal reentry within a few months of his deportation.

Meza–Flores also contends that his above–Guidelines sentence is substantively unreasonable. In light of the section 3553(a) sentencing factors and the totality of the circumstances, including the recency of Meza–Flores's prior illegal reentry conviction and the concomitant need for enhanced deterrence, the sentence is substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**